CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA A. BOERSCH (CABN 126569)
Chief, Criminal Division

DANIEL N. KASSABIAN (CABN 215249)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Tel:   (415) 436-7204
    Fax:  (415) 436-7234
    daniel.kassabian@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 23-00284 YGR |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | |
| RENE AGUAYO, | Date: June 26, 20254 |
| Defendant. | Time: 2:00 p.m. |
| | Ctrm: 1, 4th Floor |
| | Judge: The Honorable Yvonne Gonzalez Rogers |

## I. SYNOPSIS

The United States respectfully submits this Sentencing Memorandum for defendant Rene Aguayo. Mr. Aguayo comes before this Court having pled guilty to violating 21 U.S.C. § 841(a)(1) and (b)(1)(C)—Possession with Intent to Distribute Cocaine. He was caught because of his drug dealing texts that were found by police when they arrested another drug-dealer, defendant Jaime Limon-Gonzalez, who was on federal supervised release and later sentenced by this Court to 63 months of imprisonment in related case no. CR 24-00255. The discovery of those texts precipitated the execution of a search warrant at Mr. Aguayo's home on February 22, 2023, where police found a loaded Glock 9 mm semi-automatic pistol on a coffee table in his bedroom. Police also found $7,940 on his

U.S.' SENTENCING MEMO.                        1
CR 23-00284 YGR

bed, and in a softshell case underneath Mr. Aguayo's bed, over two kilograms of cocaine—i.e., 42 ounce-sized baggies and a kilogram-size brick wrapped in black tape and clingwrap:



Interestingly, Mr. Aguayo was due in state court later that same day for a jury trial on his pending DUI case that resulted from him crashing his car on September 6, 2021. He was so badly injured that he was hospitalized. He had a blood alcohol concentration (BAC) of 0.153%, and a nurse found six baggies of cocaine in his pants' pocket. Apparently, that near-death experience did not deter him from changing his lifestyle. Neither will a slap on the wrist, or a time-served sentence that defense will seek given recent efforts by Mr. Aguayo to deal with his addiction issues, following several instances of misleading pretrial services about dirty tests in the 1¾ years this case has been pending.

The government recommends a sentence of 48 months of imprisonment, 3 years of supervised release to follow, no fine, a special assessment of $100, and forfeiture of the firearm and the $7,940. The recommendation is consistent with the average length of imprisonment for similarly situated defendants (i.e., same offense, drug type, offense level, criminal history category) per the Judiciary Sentencing INformation (JSIN), and reflects a balancing of Mr. Aguayo's aggravating and mitigating circumstances that should be considered pursuant to 18 U.S.C. § 3553(a). While Mr. Aguayo might well be a drug addict who is on the road recovery, he also was a kilogram-level cocaine dealer undeterred by his near-death experience such that significant deterrence is necessary to ensure he doesn't return to that endeavor.

## II. BACKGROUND ON DEFENDANT AGUAYO

Mr. Aguayo is 42-years old. He has no children. He has only recently developed a criminal history tied to drugs.

As set forth in the Pre-Sentencing Investigation Report (PSR), on September 6, 2021 (i.e., prior to his arrest for the instant offense), Mr. Aguayo was in a major traffic collision on southbound Interstate 680 about 2 miles from his home in Martinez, California—the fire department needed to extricate him from his 2006 Honda Civic when he was found there at 2:20 am by responding California Highway Patrol officers. PSR ¶ 27. Even though he was found hunched over the center console with the airbag deployed, Mr. Aguayo, while in a semi-conscious state, claimed that he had not been driving and was physically assaulted prior to the crash. *Id*. Mr. Aguayo was taken by ambulance to John Muir Hospital, where he consented to a blood draw that was performed at 4:26 am; analysis of that blood showed that Mr. Aguayo had a BAC of 0.153%. While conducting an inventory of his belongings, a nurse found 6 plastic baggies of cocaine, weighing around four grams, and a straw with cocaine residue in Mr. Aguayo's pants pocket.

Mr. Aguayo was charged in Contra Costa Superior Court with two counts of DUI on November 22, 2021. He sought a jury trial for that offense and, presumably due to the backlog of cases due to the COVID-19 pandemic, was scheduled for trial on February 22, 2023. He reported to the state courthouse in Martinez at 8:30 a.m., just down the street from where he lived, and was ordered to return that afternoon around 2 p.m. for motions *in limine*. He did not make it back to court given his arrest because he was drug dealing while on own recognizance release in that case. That arrest delayed the trial, and after an unsuccessful motion to dismiss by defense—seeking to blame the government for Mr. Aguayo's nonappearance during the original jury trial date—Mr. Aguayo pled to a charge of reckless driving in violation of Cal. Vehicle Code § 23103 on June 13, 2023 (before this federal case was charged). *See id*.

## III. OFFENSE CONDUCT

Beginning on January 2023, detectives of the Contra Costa County Sheriff's Office investigated Jaime Limon-Gonzalez for trafficking cocaine. Mr. Limon-Gonzalez was on federal supervised release following a 10-year prison sentence for trafficking methamphetamine. Detectives learned through Mr. Limon-Gonzalez' Instagram messages that he boasted of being in possession of 28 kilograms of cocaine

at one time. On February 9, 2023, detectives executed search warrants at two locations associated with Mr. Limon-Gonzalez, including one in Pleasant Hill, and detained him in his car as he approached the other location in Modesto. In Pleasant Hill, detectives found approximately 4.5 pounds of cocaine, scales, baggies, over $14,000 in cash, and a 10 mm Glock pistol. They also found a cellular telephone in his car, which they searched. On that phone, they found the following text messages with "Rene:"

| | | |
|---|---|---|
| Rene: | | Some black shit came up in one of the zip's I got off |
| Rene: | | Wat could that be |
| Rene: | | Its like rocky Ima sad save it to show you |
| Limon-Gonzalez: | | Yea save it bro to see if I can tell what it is, sometines [sic] its just a simple accident in the wrapping process |

Detectives recognized the term "zip" as referring to an ounce of drugs, and the conversation being about drug receipt and packaging. So, they subsequently investigated "Rene" by looking up the associated phone number's records and obtaining GPS pings. They ascertained it was Mr. Aguayo, who resided in an apartment on Buckley Street in Martinez.

On February 22, 2023, at 1:45 pm, Contra Costa Sheriff's Office deputies and detectives executed a search warrant at Mr. Aguayo's apartment—he opened the front door after numerous announcements. During a search of the apartment, deputies located:

- A soft-shell case that contained three pouches with individually wrapped, ounce-sized baggies of cocaine, and another one kilogram of cocaine, which was pressed and packaged into a rectangular brick and wrapped with black tape and clingwrap underneath the bed in Mr. Aguayo's bedroom— altogether 2,103.1 grams net weight of cocaine;
- A loaded semi-automatic Glock 9 mm pistol with a threaded barrel (used to attached silencers and suppressors) on a table in that bedroom;
- A gun box that contained ammunition and a high-capacity pistol magazine in that bedroom's closet;
- $7,940.00 in different denominations of U.S. currency on the bed in that bedroom; and
- Three glass pipes with charred bulbous ends, 30 grams of methamphetamine, two digital scales, and two suppressors inside a secondary bedroom that was used as a gaming room.

PSR ¶¶ 9-10. Mr. Aguayo was arrested and taken to the police station where he was Mirandized and

then interviewed. Mr. Aguayo refused to identify who had given him the cocaine because, according to Mr. Aguayo, that would be putting his life at risk. Mr. Aguayo also said that he could not work and he had his disability payments cut off, which is why he had started to sell cocaine. Mr. Aguayo suspected that someone had said something to out him as a drug dealer because "that's how the game worked." When asked about the Glock 9 mm, Mr. Aguayo said he won in a poker game and the "idiot" did not have any money to pay him, so Mr. Aguayo was given the gun instead.

Mr. Aguayo's black Apple iPhone was also found by deputies on his bed, and later searched pursuant to a follow-on search warrant. The phone contained multiple text strings of Mr. Aguayo selling drugs to various persons, in which he was willing to take payments using Cash App or Venmo. The phone also had numerous photographs of firearms, suppressors, cash, and bricks of cocaine similar to the one located in Mr. Aguayo's bedroom.

## IV.   MR. AGUAYO'S POOR PERFORMANCE DURING PRETRIAL RELEASE

As noted in the PSR, Mr. Aguayo performed poorly on pretrial release by repeatedly violating his condition to not ingest drugs. PSR ¶¶ 5-7. Worse, he made unbelievable excuses for doing so, instead of admitting that he had engaged in drug use that was problematic. Only after being confronted by the Court, and with the encouragement of all parties, did Mr. Aguayo agree to admitted into New Bridge Foundation's residential drug treatment program on November 21, 2024. Sentencing has been delayed, in part, to allow him to complete that program, which he did on June 2, 2025. PSR ¶ 7.

## V.   SENTENCING RECOMMENDATION

The government agrees with the PSR's calculation of a Guidelines provision of 57-71 months, resulting from Mr. Aguayo's total offense level of 25, and Mr. Aguayo being a Criminal History Category of I with zero criminal history points because his prior conviction is not afforded any points. The government disagrees with USPO's recommendation of 36 months as too lenient and a variance that does not strike the appropriate balance of the Section 3553 factors. The government also anticipates that the defense will seek an even lower sentence, focused on Mr. Aguayo's circumstances and devoid of any recognition of the conduct that has brought him before the Court is deserving of some punishment, and that the sentence must also have some deterrent effect.

The government recommends that the Court sentence Mr. Aguayo to 48 months of

imprisonment. Considering the factors set forth in 18 U.S.C. § 3553(a), the government believes this proposed sentence is sufficient, but not greater than necessary, to fulfill the needs of sentencing. First, Mr. Aguayo's crime is serious. 18 U.S.C. § 3553(a)(2)(A). He was found in possession of over two kilograms of cocaine, a loaded firearm by his bedside, and his phone showed he became a drug dealer with an interest in firearms.

At the same time, the government recognizes that Mr. Aguayo's addiction to cocaine, combined with his injury resulting from his substance abuse, played a predominant role in his offense conduct. For some time, including during the pendency of this case, Mr. Aguayo refused to acknowledge this simple fact, but being in residential treatment might have helped him get to that point. Nevertheless, that does not mean Mr. Aguayo should be given a free pass—that would send the wrong message to him and other major drug dealers like him. Instead, the government hopes that Mr. Aguayo uses the time spent in federal custody to better himself and to continue to address the drug addiction that resulted in the aggravated conduct that brought him before this Court. The government also notes that, whatever the period of incarceration, it will be followed by a term of supervised release with potential real consequences for further misbehavior that should also deter him in the future. 18 U.S.C. § 3553(a)(2)(B).

DATED: June 19, 2025

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

　/s/
DANIEL N. KASSABIAN
Assistant United States Attorney